J-S13034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RAYMOND ANTHONY GUY | : | |
| Appellant | : | No. 1885 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 14, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000529-2021

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JUNE 30, 2026**

Appellant, Raymond Anthony Guy, appeals *nunc pro tunc* from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial conviction for persons not to possess firearms.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On November 21, 2020, at approximately 2:30 p.m., Pennsylvania State Police Trooper Nayirrah Bellinger was dispatched to a residence in Glen Mills for a report of a suspicious person in the driver's seat of the homeowner's vehicle. When the trooper arrived, she encountered the homeowner and his wife. The trooper also observed Appellant, who was sitting in the driver's seat

_____

[1] 18 Pa.C.S.A. § 6105.

of the homeowner's vehicle. The vehicle's engine was running. Trooper Bellinger asked Appellant to step out of the vehicle, and Appellant complied. When Trooper Bellinger inquired about whether Appellant possessed any weapons, Appellant attempted to flee. Trooper Bellinger caught up to Appellant, took him to the ground, and placed Appellant under arrest. A search incident to arrest revealed a loaded firearm in the left pocket of Appellant's pants. The Commonwealth subsequently charged Appellant with offenses related to his possession of the firearm.

Following several periods of delay, Appellant filed a suppression motion on February 8, 2024. In it, Appellant argued that the trooper did not possess probable cause to support the detention or arrest of Appellant. The court conducted a suppression hearing on March 28, 2024. After the hearing, the court denied relief. Appellant proceeded to a jury trial on January 14, 2025. At that time, the Commonwealth presented testimony from a law enforcement witness who explained that Appellant had a previous conviction that rendered him ineligible to possess a firearm. At the conclusion of trial, the jury found Appellant guilty of persons not to possess firearms. On March 14, 2025, the court sentenced Appellant to six (6) to fifteen (15) years' incarceration. Appellant did not file post-sentence motions or a timely notice of appeal.

On June 2, 2025, Appellant filed a collateral petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. The court granted relief and reinstated Appellant's direct appeal rights on June 27, 2025.

Appellant filed a timely notice of appeal *nunc pro tunc* on July 18, 2025. On July 22, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Following an extension, Appellant filed his Rule 1925(b) statement on August 25, 2025. On November 17, 2025, counsel filed an appellate brief, pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The following day, counsel filed an application to withdraw representation in this Court.

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d

266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
>       *    *    *
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-179, 978 A.2d at 361.

Instantly, counsel has filed an application to withdraw. The application states that counsel conducted a conscientious examination of the entire record and determined that further pursuit of a direct appeal would be wholly

frivolous. Counsel subsequently sent a copy of the **Anders** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's review.

In the **Anders** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issues on appeal. Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous, with citations to the applicable statutes and controlling case law. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Counsel raises the following issues on Appellant's behalf:

Whether there was probable cause to arrest [Appellant].

* * *

Whether the evidence is sufficient to support [Appellant's] conviction for possession of firearms by person not to possess.

* * *

Whether the weight of the evidence is against [Appellant's] conviction for person not to possess or control a firearm.

* * *

Whether [Appellant's] sentence constitutes an illegal sentence.

(**Anders** Brief at 20, 24, 27, 28).[2]

In his first issue, Appellant contends Trooper Bellinger lacked probable cause to arrest Appellant. Appellant concludes that the subsequent seizure of the firearm from Appellant was unlawful. We disagree.

The following principles govern our review of an order denying a motion to suppress:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

_____

[2] Appellant has filed a *pro se* response to the **Anders** brief. In it, Appellant claims that he has "been dealing with identity theft for the last 10 years," and someone else "has committed various acts that [Appellant has] been blamed for." (*Pro Se* Response, filed 11/20/25, at 1) (unnumbered). Further, Appellant baldly asserts that the "transcripts don't reflect the record," and his due process rights have been violated because his "mail is being tampered with[.]" (**Id.** at 2, 3) (unnumbered). To the extent that Appellant's arguments constitute a challenge to the Commonwealth's proof of the identity of the perpetrator, we will address this issue later in this decision, as part of our larger discussion regarding the sufficiency of the evidence.

*Commonwealth v. Ford*, 175 A.3d 985, 989 (Pa.Super. 2017), *appeal denied*, 647 Pa. 522, 190 A.3d 580 (2018).

Contacts between the police and citizenry fall within three general classifications:

> The first [level of interaction] is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Bryant*, 866 A.2d 1143, 1146 (Pa.Super. 2005), *appeal denied*, 583 Pa. 668, 876 A.2d 392 (2005) (quoting *Commonwealth v. Phinn*, 761 A.2d 176, 181 (Pa.Super. 2000)).

"[T]he lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." *Commonwealth v. Jackson*, 592 Pa. 232, 236, 924 A.2d 618, 620 (2007).

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Martin*, 627 Pa. 623, 648-49, 101 A.3d 706, 721 (2014),

*cert. denied*, 577 U.S. 886, 136 S.Ct. 201 (2015) (quoting **Commonwealth v. Thompson**, 604 Pa. 198, 203, 985 A.2d 928, 931 (2009)).

Instantly, Trooper Bellinger's testimony from the suppression hearing explained the circumstances leading to Appellant's arrest. Initially, Trooper Bellinger responded to a report of a suspicious person outside a residence in Glen Mills. (**See** N.T. Suppression Hearing, 3/28/24, at 5). After arriving at the scene, the trooper saw the homeowner standing outside of his vehicle. "The driver's side … door was open and [Appellant] was located in the driver's seat." (**Id.** at 7). The vehicle's engine was running, and Appellant was rummaging through its contents. The homeowner, however, "stated that [Appellant] was not authorized to be in his vehicle[.]" (**Id.** at 8). Trooper Bellinger asked Appellant to step out of the vehicle and Appellant complied. (**Id.** at 8). Trooper Bellinger "wanted to make sure the scene was safe," so she attempted to conduct a pat-down search of Appellant. At that point, Appellant began to run away. Trooper Bellinger "grabbed [Appellant], took him down to the ground and effected [an] arrest." (**Id.** at 9).

Under the totality of these circumstances, a reasonably cautious person would conclude that Appellant was committing a crime. **See Martin, supra**. Specifically, these circumstances provided Trooper Bellinger with probable cause to arrest Appellant for the offense of unauthorized use of automobiles. **See** 18 Pa.C.S.A. § 3928(a) (defining offense as operating automobile without consent of owner). Thus, the suppression court did not commit legal error,

and Appellant is not entitled to relief on his first issue. *See Ford, supra*.

In his second and third issues, Appellant contends that the evidence was insufficient to sustain a conviction for persons not to possess firearms. Further, Appellant argues that the jury's determination was contrary to the weight of the evidence. Appellant concludes that this Court must overturn the conviction on these bases. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019)

(quoting **Commonwealth v. Franklin**, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

Additionally,

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the … verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> **Commonwealth v. Small**, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

The Uniform Firearms Act provides, in relevant part, as follows:

**§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a)  Offense defined.—**

(1)  A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

- 10 -

Instantly, Trooper Bellinger unequivocally identified Appellant as the person she observed inside the homeowner's vehicle on the night at issue. (*See* N.T. Trial, 1/15/25, at 16). After bringing Appellant down to the ground, Trooper Bellinger initiated a search incident to arrest. The search revealed a loaded firearm in Appellant's front left pants pocket. Eventually, the trooper secured Appellant inside her vehicle, and she obtained Appellant's name and date of birth. The trooper "queried his name and date of birth within the law enforcement database, which yielded results of him not being a person to possess a firearm." (*Id.* at 24). The Commonwealth presented additional testimony from Agent Anthony Lawler, an adult probation and parole officer for Delaware County. Agent Lawler confirmed that he had previously supervised Appellant in conjunction with a 2013 conviction for possession of a controlled substance with intent to deliver. (*See* N.T. Trial, 1/14/25, at 191-93).

Here, the trooper recovered the firearm from Appellant's person at the time of the search incident to arrest. Moreover, Appellant had a previous conviction rendering him ineligible to possess a firearm. *See* 18 Pa.C.S.A. § 6105(c)(2). Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, sufficient evidence supported Appellant's conviction for persons not to possess firearms. *See* 18 Pa.C.S.A. § 6105(a)(1); *Sebolka, supra*.

Regarding his challenge to the weight of the evidence, Appellant failed

to raise any objection to the weight of the evidence in the trial court. Therefore, Appellant's claim is waived. *See* Pa.R.Crim.P. 607(A) (stating that defendant must raise weight claim with trial judge in first instance). *See also* ***Commonwealth v. Cox***, 231 A.3d 1011, 1018 (Pa.Super. 2020) (stating weight challenge must be preserved either in post-sentence motion, written motion before sentencing, or orally prior to sentencing; appellant's failure to avail himself of any of prescribed methods for presenting weight issue to trial court constitutes waiver of that claim). Therefore, Appellant is not entitled to relief on his second and third issues.

In his final issue, Appellant contends that his sentence is illegal. We disagree.

"The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa.Super. 2013). "When reviewing the legality of a sentence, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. McGraw***, 344 A.3d 813, 818 (Pa.Super. 2025) (quoting ***Commonwealth v. Strouse***, 308 A.3d 879, 884 (Pa.Super. 2024)).

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory

> maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

*Infante, supra* at 363 (internal citations and quotation marks omitted).

Instantly, Section 1103 of the Crimes Code states that a person convicted of a first-degree felony may be sentenced "for a term which shall be fixed by the court at not more than 20 years." 18 Pa.C.S.A. § 1103. Therefore, the sentence of six (6) to fifteen (15) years' incarceration for persons not to possess a firearm, graded as a first-degree felony, is legal. Accordingly, Appellant is not entitled to relief on this final issue. Following our independent review of the record, we also agree that the appeal is wholly frivolous. *See Dempster supra*; *Palm, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/30/2026